**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARTIN W. HAFNER,

        Plaintiff,

        v.                                 Case No. 1:04-CV-629

COWAN SYSTEMS, LLC,

        Defendant.

**<u>ORDER</u>**

This matter is before the court upon Defendant's motion to dismiss Plaintiff's complaint (doc. 4), Plaintiff's response (doc. 6), and Defendant's reply (doc. 7).

**I. Background**

Plaintiff Martin Hafner, a citizen of Ohio, filed a complaint against Defendant Cowan Systems, LLC, in the Court of Common Pleas, Hamilton County, Ohio, on August 11, 2004. (doc. 1, exh. A).  Defendant removed the action to this court on September 10, 2004, asserting federal diversity jurisdiction because it is a limited liability company with its principal place of business located in Baltimore, Maryland, and the amount in controversy allegedly exceeds $75,000.  (doc. 1).

In the complaint, Plaintiff alleges that he was injured during the course of his employment with the Defendant on December 16, 2003.  Plaintiff alleges that after he had filed a claim for this injury under the Ohio Workers' Compensation Act, Defendant fired him on February 19, 2004.

1

(doc. 1, exh. A).  Plaintiff brings claims for retaliatory discharge under Ohio Rev. Code § 4123.90 (Count I); breach of contract based on Defendant's alleged failure to provide Plaintiff with adequate warning of problems with his work performance (Count II); disparate treatment based on Plaintiff's filing of a workers' compensation claim (Count III); and violation of Ohio public policy (Count IV).

Defendant moves to dismiss Counts II, III, and IV of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff has failed to set forth all of the necessary elements for a breach of contract claim, that the type of disparate treatment claim Plaintiff alleges is not cognizable under Ohio law, and that Plaintiff's complaint asserting a *Greeley* claim is not viable because R.C. § 4123.90 provides adequate relief, respectively.  (doc 4).

## II. Opinion

"The first and fundamental question presented by every case brought to the federal courts is whether [the court] has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." ***Douglas v. E.G. Baldwin & Assocs.***, 150 F.3d 604, 606-607 (6th Cir. 1998).  The question of whether a court has subject matter jurisdiction over a matter may be raised at any time, by either party, or *sua sponte* by the court.  ***See In re Lewis***, 398 F.3d 735, 739 (6th Cir. 2005) (citing ***Cmty. Health Plan of Ohio v. Moser***, 347 F.3d 619, 622 (6th Cir. 2003).

Neither party to this lawsuit has raised the issue of whether the court has jurisdiction over the subject matter of this action.  The court, however, has *sua sponte* reviewed the pleadings to determine whether subject matter jurisdiction exists and finds that subject matter jurisdiction is clearly lacking in this case for the reasons stated below.

Count I of Plaintiff's complaint asserting a claim under Ohio Rev. Code § 4123.90 arises

under the workers' compensation laws of Ohio.  Section 4123.90 provides, in pertinent part, that:

> No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.

Plaintiff's claims for breach of contract, disparate treatment, and wrongful discharge in violation of Ohio public policy are derivative of his claim under § 4123.90 and likewise arise under the Ohio workers' compensation laws.  Federal law precludes a party from removing to federal district court "[a] civil action in any State court arising under the workmen's compensation laws of such State . . . ."  28 U.S.C. § 1445(c).  Where a case has been improperly removed from state court, the district court lacks subject matter jurisdiction over the removed case.  *See, e.g., First Nat. Bank of Pulaski v. Curry,* 301 F.3d 456, 467 (6th Cir. 2002); *Federal Nat. Mortg. Ass'n v. LeCrone,* 868 F.2d 190, 191 (6th Cir. 1989).  Because this case was improperly removed pursuant to § 1445(c), the court lacks jurisdiction over the subject matter of this action.  Accordingly, the court will not rule on the motion to dismiss filed by Defendant but will instead remand the case to the state court.

### III. Conclusion

This case is hereby **REMANDED** to the Hamilton County, Ohio Court of Common Pleas and is **TERMINATED** on the docket of this court at Defendant's cost.

**IT IS SO ORDERED.**


S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\04-629jurrmdPUB.wpd

4